Stewart, J.
It is contended upon behalf of the defendant in error, that the addition of the words “ with all reasonable attorney’s fees” does not constitute a material alteration of the note, for the reason that the contract remains the same, it having been held in Ohio that a stipulation in a note to pay attorneys’ fees is against public policy and void. State v. Taylor, 10 Ohio, 378; Shelton v. Gill, 11 Ohio, 417; Martin v. Trustees, 13 Ohio, 251; Busby v. Finn, 1 Ohio St. 410. And it must be conceded in view of these authorities that neither the principal nor the sureties upon this note could be required in Ohio to pay more than the principal and interest of this note. But we do not consider that this concession disposes of this case. By a long line of authorities in this state it has been held that the policy of the rule against the material alteration of written instruments is to preserve their integrity by taking away the temptation of tampering with them. Patterson v. McNeely, 16 Ohio St. 348; Wallace v. Jewett, 21 Ohio St. 163; Berry v. Railway Co., 26 Ohio St. 573; Harsh v. Klepper, 28 Ohio St. 200. While it is settled that in Ohio a contract to pay attorney’s fees incorporated in a note is void, this is not true in all states, and such a contract has been frequently upheld. 1 Daniel’s Negotiable Instr., sections 62, 62a. So that if this note was *606 sued upon in a state where such a contract was legal, the sureties by reason of this alteration would be required to prove that the note having been executed in Ohio, such a stipulation was void. This would require of them other and different proof than could have been required if their contract- had remained unaltered. And any change which requires the production of different evidence, or changes the mode of proof is certainly material. 2 Parson’s Notes and Bills, 564-582. This was the holding in the case of Harsh v. Klepper, supra, where the change was from six to seven per cent., although the law at that time entitled a party to six per cent, interest and no more. 1 S. & C. 742.
Geo. 8. Long and Ellis H. Kerr, for plaintiffs.
II. H. Williams, for defendant.
It follows that the court below erred in its charge to the jury and in overruling the motion for a new trial, upon the grounds stated, and the judgment will be reversed. And it being admitted by the defendant in error that this change was made with his knowledge and consent, and no claim being made that the sureties ever consented to such alteration, this court proceeding to render the judgment that ought to have been rendered by the court below, a judgment will be entered in favor of the sureties for costs.